UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
ANGELA M. KOSLER,
aka ANGELA M. WILLIAMS,
    Debtor.                                             No. 7-10-13469 SS

## ORDER DENYING WITHOUT PREJUDICE MOTION TO REOPEN CASE AND DENYING MOTION TO WAIVE REOPENING FEE

Debtor has filed her motion to reopen her chapter 7 case in order to file her personal financial management education certificate required by 11 U.S.C. §727(a)(11) (doc 19) and a motion asking the Court to waive the reopening fee (doc 20). (The motion to waive the fee is actually the form required to be filed when a debtor asks that the initial filing fee be waived.)

In this case, the court docket shows that Debtor filed her petition on July 9, 2010. Doc 1. The first meeting of creditors in Santa Fe was first set for (doc 2), and took place on, August 11, 2010. Doc 12. The certificate was due to be filed no later than Monday, September 27, 2010. Since the certificate had not been filed by that date, the Clerk's office sent Debtor a notice of the requirement to file the certificate, which certificate was filed on September 28 (doc 13) and mailed to Debtor at the address listed on her petition on September 30, from the Bankruptcy Noticing Center in Reston, Virginia (doc 14). Debtor has not stated that she did not receive the notice, and the file does not contain a copy of the returned notice. Therefore the Court concludes that within about three days after September 30, 2010 Debtor received the notice of the need to file

the certificate. (Debtor also had chapter 7 bankruptcy counsel who presumably would have informed her of the obligation to file the certificate from the outset of the case.)

The Clerk's notice of the need to file the certificate specifically states that a failure to file the certificate will result in a closing of the case without a discharge and that to reopen the case to file the certificate will require a filing fee.

Debtor did not respond to the notice and on October 28, 2010, the case was closed without a discharge to the Debtor (docs 15 and 16). Notice of the closing was mailed from the Bankruptcy Noticing Center on October 30, 2010. Doc 17. (There is no evidence that Debtor did not receive that notice either.) Subsequently, and apparently upon receiving the notice of the closing of the case without a discharge, Debtor sent in the certificate, which the Clerk's office filed on November 15, even though the case was closed. Doc 18. The Clerk's office promptly notified Debtor the next day that the case needed to be reopened if the filing of the certificate were to be effective; that is, if she wanted a discharge.

Debtor has now, about five months later, filed a motion to reopen the case to file the certificate (doc 19). She has not tendered the $260 reopening fee, instead requesting that it be waived. Doc 20.

The Court routinely reopens cases for the purpose of permitting debtors to file the personal financial management education certificate. It also requires that the fee for the reopening of the case be filed. The only reason not to reopen this case would be for the lack of the reopening fee.

In the motion to reopen (doc 19), Debtor recites that she was in rehabilitation at Turquoise Lodge, in Albuquerque, from August 30 through September 21, 2010, and that while there, she had no access to a computer or telephone, and that after she was "released from rehab" she needed six months of counseling and "DBT therapy" (perhaps dialectical behavior therapy, the "therapy" being redundant in much the same way persons speak of their "PIN number"). Debtor had almost two months, from the date of the filing of the petition to the date she entered the apparently in-patient rehabilitation program, to obtain the requisite counseling, get the certificate, and file it. Upon her release on September 21, she had a little over a month to do the same thing. And in fact she did obtain the counseling on October 27, in the afternoon before her case was closed the next day. There is no indication that she contacted the Clerk's office to let them know she intended to comply or was in the process of complying with the requirement to obtain the counseling and file the certificate. This is not a reason to deny the reopening, of

course, but rather these facts go to the issue of whether Debtor is entitled to a waiver of the reopening fee.

When Debtor filed she had net monthly income of $2,975 and monthly expenses of $3,133 (leaving a net monthly deficit of $158, the deficit being a very common occurrence among chapter debtors in this District). She listed a household of three persons, two of whom are her children who are apparently currently living with her. These figures are the same as in her Schedules I and J, which she attached to the her motion. These figures, and specifically the net income figure, would make her ineligible for a filing fee waiver were she to have sought one when she filed her petition. (The United States Department of Health and Human Services 150% of Poverty Guidelines for 2011, which provide a higher figure than for 2010, list the 150% figure for the contiguous states and the District of Columbia at $2,316.25. Thus her net monthly income, at least as of the beginning of February of this year, was more than $600 per month higher than the maximum allowed to permit the waiver.) However, Debtor asserts that she was laid off February 8, 2011, and can barely pay her expenses now.

Had Debtor complied with the filing requirements timely (that is, before the case was closed), she would have not had to pay any reopening fee. Had she sought to reopen her case when she sent in the certificate in November 2010 (and was told that

she had to reopen the case to obtain the discharge), she would presumably have had the funds to pay the reopening fee.  If she had acted within any time within at least first two months of this year, she also presumably would have had the funds.  (The Court acknowledges the monthly deficit in Debtor's finances, even when she was employed, but if obtaining the discharge were of importance to her at that time, she could have, and should have, prioritized this expense to ensure that the case was reopened.  Whenever a debtor, or any person, runs a monthly deficit, then by definition the debtor must be paying some bills and not paying others.  And presumably the bills being paid are the ones that the debtor considers the most important to pay, for whatever reason.)  And although Debtor is now unemployed, there is no explanation about what sources of income she has, such as continued child support, unemployment compensation, perhaps some severance pay, etc.  Nor is there any statement about what prospects for near term employment Debtor might have.

    Given the statements by Debtor about the in-house rehabilitation and the follow up of six months of counseling and "DBT therapy", the implied explanation of what has happened is that Debtor has a problem that was treated inpatient and then outpatient, and that in the process Debtor has not functioned well.  However, she functioned well enough to have gotten the process started last year, and that fact, combined with the upper

income limit on filing fee waivers, even if she were entitled to a waiver of a reopening fee (as opposed to the initial filing fee), suggests that the Court should not, and likely may not, permit the reopening fee to be waived.

For the foregoing reasons, therefore,

IT IS HEREBY ORDERED that the request for the waiver of the filing fee is DENIED,

IT IS FURTHER ORDERED that the motion to reopen the chapter 7 case is DENIED, although Debtor may refile the motion to reopen, using the same form and documents she used the first time (but accompanied by the filing fee).

/s/ James S. Starzynski
James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: May 2, 2011

Copy to:

Angela M. Kosler
89 Manhattan Loop
Los Alamos, NM 87544

Douglas Booth
1223 S St Francis Dr Ste C
Santa Fe, NM 87505-4053

Yvette Gonzales
Trustee
PO Box 1037
Placitas, NM 87043-1037

U.S. Trustee
United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Page 6 of 6

Case 10-13469-s7    Doc 21    Filed 05/02/11    Entered 05/02/11 16:30:34 Page 6 of 6